UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

LEWIS TREE SERVICE, INC.,

                 Plaintiff,

    v.

ALFREDO CERVANTES and
RAFAEL TOLEDO,

                 Defendants

———————————————————————

LEWIS TREE SERVICE, INC.,

                 Plaintiff,

    v.

UNITED CLEARING SERVICES, LLC,

                 Defendant

———————————————————————

**DECISION AND ORDER**

6:25-CV-06443 MAV CDH


6:25-CV-06444 MAV CDH

## INTRODUCTION

Plaintiff Lewis Tree Service, Inc. ("Lewis Tree") alleges in the above-captioned matters that its former long-time employee Alfredo Cervantes ("Cervantes") is improperly using its confidential information and trade secrets in connection with his work for United Clearing Services, LLC ("United Clearing"). (*See Lewis Tree Service, Inc. v. Cervantes*, No. 25-CV-06443-MAV-CDH ("*Cervantes*"), Dkt. 13 at ¶ 2; *Lewis Tree Service, Inc. v. United Clearing Services, LLC*, No. 6:25-CV-06444-MAV-CDH

(W.D.N.Y. 2025) ("*United Clearing*"), Dkt. 14 at ¶ 2).[1] Lewis Tree further alleges that United Clearing entered into a subcontractor agreement with Lewis Tree, but that this subcontractor agreement was a "guise" pursuant to which Cervantes and United Clearing "used Lewis Tree's employees and service crews to perform work for United Clearing[.]" (Dkt. 13 at ¶¶ 88-89).

Cervantes and United Clearing (referred to herein collectively as "Moving Defendants") have moved to consolidate *Cervantes* and *United Clearing* "for all pretrial purposes, including summary judgment" pursuant to Federal Rule of Civil Procedure 42. (Dkt. 19 at 1; *see United Clearing*, Dkt. 19 at 1)). For the reasons that follow, Moving Defendants' motions to consolidate are granted.

## BACKGROUND

### I.    Factual Background

Lewis Tree is a utility line clearing and vegetation management company that services public and private entities. (Dkt. 13 at ¶ 37). It alleges that from April 2014 until April 7, 2023, it employed Cervantes in various roles, including as a member of its senior leadership. (*Id.* at ¶¶ 30, 67, 82).

Lewis Tree states that on December 31, 2017, it entered into a Non-Disclosure and Leadership Loyalty Agreement with Cervantes pursuant to which, following his termination or resignation from Lewis Tree, he agreed not to disclose Lewis Tree's trade secrets, proprietary, or confidential information until such secrets or

---

[1]    For purposes of the instant Decision and Order, docket citations refer to the filings in *Cervantes*, unless otherwise noted.

information became public knowledge. (Dkt. 13 at ¶¶ 71-74). Cervantes also agreed to refrain from competing with Lewis Tree and from soliciting its customers and employees for two years following his separation from Lewis Tree. (*Id.* at ¶¶ 75-76).

According to Lewis Tree, during or prior to 2021, Cervantes and another of Lewis Tree's former employees, Ricardo Garcia ("Garcia"), created United Clearing, which thereafter served as a subcontractor of Lewis Tree pursuant to a Subcontract Agreement. (*Id.* at ¶¶ 10, 32, 85). Lewis Tree alleges that Cervantes has improperly disclosed its trade secrets and proprietary and confidential information to United Clearing, where he currently serves as an officer, and solicited its customers and employees, all in contravention of the Non-Disclosure and Leadership Loyalty Agreement. (*Id.* at ¶¶ 11-13, 131-75, 181-86). As an example, Lewis Tree alleges that on August 20, 2025, its Chief Operating Officer Dennis Brown, Jr. ("Brown") encountered Cervantes near the offices of Oncor Electric Delivery Company, LLC ("Oncor"), one of Lewis Tree's long-time customers. (*Id.* at ¶ 14). Lewis Tree claims that during this encounter, Cervantes told Brown that he planned to meet with Oncor on behalf of United Clearing. (*Id.*). Lewis Tree contends that Oncor has already awarded United Clearing work and will likely continue to do so. (*Id.* at ¶ 16; *see United Clearing*, Dkt. 14 at ¶ 106).

Lewis Tree also alleges that United Clearing has violated its subcontractor agreement by "misappropriating, using and/or disclosing Lewis Tree's confidential and proprietary information and trade secrets prior to the end of the two-year period of the Subcontract Agreement[.]" (*United Clearing*, Dkt. 14 at ¶ 113).

## II.    <u>Procedural Background</u>

Both *Cervantes* and *United Clearing* have been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 9; *Lewis Tree v. United Clearing*, Dkt. 10).[2]

Lewis Tree makes nine claims in *Cervantes* against Cervantes and non-moving defendant Rafael Toledo ("Toledo"): (1) breach of Non-Disclosure and Leadership Loyalty Agreement by misappropriating and disclosing  confidential and proprietary information and trade secrets against Cervantes; (2) breach of Non-Disclosure and Leadership Loyalty Agreement by competing with Lewis Tree against Cervantes; (3) breach of Non-Disclosure and Leadership Loyalty Agreement by soliciting Lewis Tree's customers against Cervantes; (4) breach of Non-Disclosure and Leadership Loyalty Agreement by soliciting Lewis Tree's employees against Cervantes; (5) misappropriation of trade secrets against Cervantes; (6) breach of the fiduciary duty of loyalty against Cervantes; (7) breach of Non-Disclosure and Leadership Loyalty Agreement by soliciting Lewis Tree's employees against Toledo; (8) breach of Non-

---

[2]      Courts in this Circuit have concluded that a "motion to consolidate is non-dispositive." *Karcz v. City of N. Tonawanda*, No. 16-CV-0628V(SR), 2024 WL 168336, at *1 (W.D.N.Y. Jan. 16, 2024) ("Under Rule 72(a), an order granting a motion to consolidate is a nondispositive order, and is not subject to *de novo* review.")); *see, e.g., Merckx v. Rensselaer Cnty.*, No. 1:23-CV-1354 (FJS/MJK), 2026 WL 775945, at *3 n.4 (N.D.N.Y. Mar. 19, 2026) (explaining that a the magistrate judge ordered consolidation of several cases due to the common issues of law and fact.); *Dimitrov v. U.S.*, No. 25 CIV. 7420 (JHR) (SLC), 2026 WL 228448, at *1 n.1 (S.D.N.Y. Jan. 28, 2026) ("We issue this Opinion and Order, instead of a Report and Recommendation, because a motion to consolidate is a nondispositive motion."); *Gupta v. Athenex, Inc.*, No. 21-CV-337V(SR), 2021 WL 3421444, at *1 (W.D.N.Y. Aug. 5, 2021) (magistrate judge issuing a Decision and Order granting the parties' motion to consolidate and ordering the administrative closing one of the merged actions.).

Disclosure and Leadership Loyalty Agreement by soliciting Lewis Tree's customers against Toledo; and (9) breach of the fiduciary duty of loyalty against Toledo. (Dkt. 13 at ¶¶ 131-202).

In *United Clearing*, Lewis Tree asserts three claims against United Clearing: (1) breach of Subcontract Agreement for misappropriating Lewis Tree's confidential and proprietary information and trade secrets, (2) breach of Subcontract Agreement for unfair competition, and (3) misappropriation of trade secrets. (*United Clearing*, Dkt. 14 at ¶¶ 110-32).

On January 16, 2026, Moving Defendants filed the instant motions to consolidate.[3] (Dkt. 19; *Lewis Tree v. United Clearing*, Dkt. 19). Moving Defendants ask the Court to consolidate these actions "for all pretrial purposes including summary judgment" pursuant to Rule 42. (Dkt. 19 at 1). Moving Defendants argue that consolidation is warranted because (1) these actions share common questions of law and fact, (2) consolidation will not prejudice Lewis Tree, and (3) consolidation will lead to more efficient resolution of the actions. (Dkt. 19-1 at 13-22).

---

[3]     Local Rule of Civil Procedure 7(a)(3) provides—with limited exceptions not applicable here—that "motions and opposition to motions shall be supported by at least one (1) affidavit, declaration or affirmation, and by such other evidence . . . as appropriate to resolve the particular motion. Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party." Loc. R. Civ. P. 7(a)(3). The Court, in its discretion, has considered Moving Defendants' motions and Lewis Tree's opposition thereto even though none of the parties have included an affidavit, declaration, or affirmation as required by Local Rule 7(a)(3). *See KeyBank Nat'l Ass'n v. Beauty Quest Skincare, LLC*, No. 1:21-CV-778, 2022 WL 1488676, at *2 (W.D.N.Y. May 11, 2022) ("It is within the district court's discretion to excuse non-compliance with local rules."). The Court cautions the parties that all future filings must adhere to the Local Rules.

In opposition, Lewis Tree argues that the Court should deny the instant motions or, in the alternative, only coordinate discovery between the actions. (Dkt. 25 at 11-10). Lewis Tree specifically asserts that consolidation is not warranted because (1) Defendants have not specified common questions of law or fact between the cases, (2) consolidation would prejudice Lewis Tree by delaying the resolution of *United Clearing*, a less complex case, and (3) consolidation would not serve the Court's interest in judicial economy. (*Id.* at 5-10). Moving Defendants filed responses on February 18, 2026. (Dkt. 28; *United Clearing*, Dkt. 23)

## DISCUSSION

### I.      Legal Standard

Pursuant to Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Thus, "Rule 42(a) 'empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay.'" *Katz v. Marex Grp. PLC*, 818 F. Supp. 3d 591, 601 (S.D.N.Y. 2026) (quoting *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 299 F.R.D. 1, 5 (E.D.N.Y. 2014)).

"Consolidation is 'a valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130

(2d Cir. 1999)). It "is particularly appropriate where savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Motley v. Her Imports*, No. 1:18-CV-00517 EAW, 2019 WL 12339685, at *3 (W.D.N.Y. Jan. 22, 2019). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Even where "considerations of judicial economy favor consolidation . . .[,] the benefits of efficiency can never be purchased at the cost of fairness." *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 568 (S.D.N.Y. 2015) (quotation omitted). Therefore, the Second Circuit has held that courts should consider the following factors when deciding whether consolidation is appropriate:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson*, 899 F.2d at 1285 (citation omitted).

"A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions." *In re Repetitive Stress Inj. Litig.,* 11 F.3d 368, 373 (2d Cir. 1993), *on reh'g*, 35 F.3d 637 (2d Cir. 1994); *see Liberty Media Corp. v. Vivendi Universal*, S.A., 842 F. Supp. 2d 587, 592 (S.D.N.Y. 2012). After cases are consolidated, they "retain their separate identities, and consolidation under Rule 42 does not merge the suits into a single case." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 99 F. Supp. 3d 388, 393 n.2 (W.D.N.Y. 2015); *see also Hall v. Hall*, 584 U.S. 59, 67 (2018) (explaining that consolidation is an

effective case-management tool that "preserv[es] the distinct identities of the cases and the rights of the separate parties in them"); *Palmer v. N.Y. State Dep't of Corrections*, 342 F. App'x 654, 656 (2d Cir. 2009) ("Consolidation under Rule 42(a) is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties") (citation omitted).

"Differences in claims [or] defendants . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011); *see also Peters on Behalf of Eastman Kodak Co. v. Continenza*, No. 6:21-CV-06567-EAW, 2022 WL 167540, at *2 (W.D.N.Y. Jan. 18, 2022) ("The claims and defendants need not be identical in order for two actions to be consolidated"); *Darezzo v. 200 Ninth Rest. LLC*, No. 14 CIV. 5099 PAE, 2015 WL 195852, at *3 (S.D.N.Y. Jan. 14, 2015) ("[The plaintiff's] argument seems to imply, incorrectly, that consolidation is merited only where the actions are literally identical."). Moreover, "common questions of law and fact do not have to predominate[.]" *J.H. v. Williamsville Cent. Sch. Dist.*, No. 14-CV-348S F, 2015 WL 2080221, at *4 (W.D.N.Y. May 4, 2015).

## II.    Motions to Consolidate

### A.    Existence of Commons Questions of Law or Fact

Moving Defendants contend that the actions as to which consolidation is sought "allege the same scheme and overarching factual narrative" and feature overlapping parties, witnesses, claims, and related legal theories. (Dkt. 19-1 at 6-7, 14). Having carefully considered the parties' arguments, the Court concludes that Moving Defendants have met their burden to show that the actions involve common questions of law and fact.

As to common questions of fact, Lewis Tree maintains that it drafted the complaints in both actions with the goal of "ensur[ing] the factual background remained consistent in both Complaints." (Dkt. 25 at 2). Indeed, the factual background described in the amended complaints is largely identical. (*Compare* Dkt. 13 at ¶¶ 37-115 *with United Clearing*, Dkt. 14 at ¶¶ 32-96). Both amended complaints allege that the defendants improperly used Lewis Tree's trade secrets and proprietary and confidential information to aid United Clearing's business, in contravention of the contractual agreements between the parties. (Dkt. 13 at ¶¶ 11-13, 131-75, 181-86; Dkt. 28 at 9-10; *United Clearing*, Dkt. 14 at ¶¶ 104, 110-132).

The amended complaints even provide the same example of this alleged behavior—namely, the August 20, 2025 encounter between Brown and Cervantes regarding Oncor. (Dkt. 13 at ¶¶ 14, 16; *United Clearing*, Dkt. 14 at ¶¶ 19, 21). Furthermore, both amended complaints allege that Garcia solicited Lewis Tree's customers and employees on behalf of United Clearing and left Lewis Tree in 2023 to

work for United Clearing. (Dkt. 13 at ¶¶ 99-110; *United Clearing*, Dkt. 14 at ¶¶ 87-96).

As to common questions of law, the amended complaints both assert that Moving Defendants breached their respective contracts with Lewis Tree and misappropriated its proprietary information and trade secrets. (Dkt. 13 at ¶¶ 131-63; *United Clearing*, Dkt. 14 at ¶¶ 110-31). The Court is unpersuaded by Lewis Tree's argument that the actions do not present common questions of law because the Non-Disclosure and Leadership Loyalty Agreement at issue in *Cervantes* "involve[s] different contractual obligations[] based on fundamentally different relationships between the parties" as compared to the Subcontract Agreement at issue in *United Clearing*. (Dkt. 25 at 6). In considering whether consolidation is warranted, courts in this Circuit do not apply such a narrow definition as to the existence of common questions of law. Common issues of law may be found where the same legal principles apply to each action. *See, e.g., City of N.Y. v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2016 WL 1532252, at *2 (S.D.N.Y. Apr. 15, 2016); *Pay Tel Sys., Inc. v. Seiscor Techs., Inc.*, No. 88 CIV. 2078 (DC), 1996 WL 67938, at *1 (S.D.N.Y. Feb. 15, 1996).[4] Indeed, Lewis Tree acknowledges that there are "common questions

---

[4]     Lewis Tree relies on *Flintkote Company. v. Allis-Chalmers Corporation*, 73 F.R.D. 463 (S.D.N.Y. 1977) in asserting that "District Courts consistently deny consolidation when cases arise from different contractual agreements, even when similar legal theories are alleged." (Dkt. 25 at 5). But *Flintkote* does not stand for that proposition. While the court in *Flintkote* observed that similar theories of recovery alone do not necessarily amount to common questions of law, it specifically noted that the contracts at issue in that matter were "dissimilar in a number of important respects," including specifically that they were subject to the laws of different states.[4] *Flintkote*, 73 F.R.D. at 465. The instant actions present no such issue because New

of law between the two cases stem[ming] from claims for misappropriation of trade secrets[.]" (Dkt. 25 at 8).

Rule 42(a) requires only that cases "involve a common question of law *or* fact," Fed. R. Civ. P. 42(a) (emphasis added), and does not require that "claims and defendants . . . be identical in order for two actions to be consolidated," *Peters*, 2022 WL 167540, at \*2. The record before the Court establishes that the similarities between these actions meet Rule 42(a)'s standard because they involve common questions of law *and* fact. *See Hoffman v. Ighodaro*, No. 16-CIV-0155-LAK-JCF, 2016 WL 5812666, at \*2 (S.D.N.Y. Sept. 28, 2016) ("The differences that the defendants note are dwarfed by the similarities.").

### B.    Benefits of Consolidation and Risk of Prejudice

The Court cannot end its analysis there. In addition to finding that there are common questions of law or fact, it must determine whether the benefits that consolidation would contribute to judicial economy outweigh any potential prejudice to Lewis Tree. *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d at 568. Moving Defendants argue that the benefits of consolidation outweigh any potential prejudice because the actions share parties, witnesses, and common questions of law and fact, and consolidation will thus allow the Court to resolve any discovery issues in tandem. (Dkt. 19-1 at 20, 22). Further, Moving Defendants contend that if the Court does not consolidate the actions, the parties will be required to engage in

---

York law applies to both the Non-Disclosure and Leadership Loyalty Agreement and the Subcontract Agreement. (*See* Dkt. 13 at ¶ 6; *United Clearing*, Dkt. 14 at ¶¶ 6, 11).

"duplicate efforts in discovery" such as deposing the same individuals, requesting the same documents, using Rule 45 to acquire documents from non-parties in each respective action rather than Rule 26, and entering distinct protective orders. (*Id.* at 20-21). For the reasons that follow, the Court agrees that consolidation will have significant benefits in this matter.

Lewis Tree's initial disclosures are illustrative of a significant overlap in discovery between these actions. In each set of initial disclosures, Lewis Tree has named Cervantes, Brown, Garcia, and a representative from Oncor as potential witnesses who will testify about the same information. (*Compare* Dkt. 28-2 at 4-6 *with* Dkt. 28-3 at 7-8). Additionally, there exists a significant overlap between the electronically stored information ("ESI") that Lewis Tree states it may possess and use to support its claims in each action. Such ESI includes contracts and communications between United Clearing and Oncor, documents relating to "*Jose Martin Perez Delgado v. United Clearing Services, LLC, et al.*, No. 2023-29086," confidentiality agreements between Lewis Tree and its high-level employees, and documents concerning Lewis Tree's business operations. (Dkt. 28-2 at 7-8; *see* Dkt. 28-3 at 7-9). Lewis Tree also notes in its initial disclosures in *Cervantes* that communications between United Clearing and Oncor are likely in United Clearing's possession, portending the potential need for a third-party subpoena in that case. (Dkt. at 28-3 at 9). In summary, the record before the Court shows that the parties "will likely have to depose the same individuals and access the same files, and consolidation would expedite the process[,] . . . eliminate unnecessary repetition[,] . . .

reduce costs for all parties[,] [and] will avoid the possibility of inconsistent rulings." *Hoffman*, 2016 WL 5812666, at \*2 (quotation omitted); *see also McDaniel v. N.Y.*, No. 1:19-CV-7680-AJN-HP, 2021 WL 1222417, at \*2 (S.D.N.Y. Apr. 1, 2021) (finding consolidation warranted because of the potential for duplicative discovery and motion practice).[5]

Notwithstanding these benefits, Lewis Tree argues that consolidation would sacrifice fairness at the altar of judicial economy. More particularly, Lewis Tree argues that consolidation would delay resolution of *United Clearing*, which it contends would otherwise resolve more quickly than *Cervantes*, because *United Clearing* involves fewer defendants, claims, and potential discovery. (Dkt. 25 at 2, 8-9). But the Court is not persuaded that *United Clearing* is otherwise "poised for [more] efficient resolution[.]" (*Id.* at 9). Although *Cervantes* involves more claims on its face, those claims do not appear to be meaningfully more complex than the claims asserted in *United Clearing*.

Moreover, Lewis Tree's cited precedent does not support its argument that courts should deny a motion to consolidate "when it would delay resolution of

---

[5]     In opposition, Lewis Tree claims that the parties can increase efficiency between the actions through a host of legal tools apart from consolidation. (Dkt. 25 at 10). Such tools include stipulating that documents produced in one case need not be reproduced in another, that the parties enter a "common protective order," and that the parties preemptively agree to third-party discovery. (*See id.*). This argument, however, does not contradict the conclusion that judicial economy will be served by consolidation. It merely asserts that similar results could be obtained through alternative means. And the Court is not persuaded that the alternative means identified by Lewis Tree would result in the same efficiency gains as a straightforward consolidation order.

straightforward cases by forcing them to await completion of more complex proceedings." (Dkt. 25 at 8). Instead, these cases largely involve motions to consolidate actions in disparate procedural postures. For instance, in *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130 (S.D.N.Y. 2016), the court declined to order consolidation primarily because "judicial economy would not [have] be[en] served by consolidating two actions at such disparate stages" of litigation where the court granted a motion to dismiss in one case and the other was "in the midst of discovery, with dispositive motions to be soon fully submitted." *Id.* at 137; *see also Nnebe v. Daus*, No. 06CIV.4991(RJS), 2008 WL 706579 (S.D.N.Y. Mar. 5, 2008) (denying consolidation "due to the relatively advanced procedural posture of" one action); *Envirco Corp. v. Clestra Cleanroom, Inc.*, No. 5:98CV120(HGM), 2002 WL 31115664, at *3 (N.D.N.Y. Sept. 24, 2002) (denying consolidation because one case had "reached an advanced stage" and the court had already granted partial summary judgment in that matter); *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) ("These cases have been pending in this court for over two years, and defendant has waited until the eve of trial in one of them to move for consolidation. If the court were to order consolidation now, the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases.").

*European Community v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456 (E.D.N.Y. 2001) involved the Court's resolution of a motion for deconsolidation and occurred at a late stage of the litigation. *Id.* at 461. And in *Haas v. Brookhaven Memorial*

*Hospital*, No. 07-CV-4788 (NGG), 2008 WL 822121 (E.D.N.Y. Mar. 26, 2008), the court declined to order consolidation because the plaintiff "made no showing on the record that consolidation would assist judicial economy[.]" *Haas*, 2008 WL 822121, at *2. By contrast, the actions at issue here are at the same, early stage of litigation and Moving Defendants have demonstrated that consolidation would promote judicial economy for a host of reasons, including that a failure to consolidate would force "duplicate efforts in discovery[.]"(Dkt. 19-1 at 20-21).

In any event, any marginal delay in the resolution of *United Clearing* is far outweighed by the benefits consolidation will provide to the efficient resolution of these actions. *See, e.g.*, *Campo v. Nat'l Creditors Connection, Inc.*, No. 12 CV 1405 DRH SIL, 2014 WL 6674607, at *3 (E.D.N.Y. Nov. 25, 2014) (finding that "any delay that would result in [one] action is outweighed by the benefits of consolidation such as more efficient motion practice"); *Ocean Ships, Inc. v. Stiles*, No. 00 CIV. 5469 (RCC), 2003 WL 22741457, at *3 (S.D.N.Y. Nov. 19, 2003) ("[A] brief delay [in the resolution of one action] would not rise to the level of a paramount concern and thus does not outweigh the gains in efficiency from consolidation. Since the delay is small compared to the time that would be saved by sharing discovery in the two cases, consolidation is appropriate.").

In sum, the Court finds that the instant actions involve common questions of law and fact and that considerations of judicial economy favor consolidation without unduly prejudicing Lewis Tree. Accordingly, the Court concludes that it is appropriate to consolidate these matters for all pretrial matters.

## CONCLUSION

For the foregoing reasons, Moving Defendants' motions to consolidate (Dkt. 19; *United Clearing*, Dkt. 19), are granted. The Clerk of the Court is directed to consolidate *Lewis Tree Service, Inc. v. Cervantes*, No. 25-CV-06443-MAV-CDH, and *Lewis Tree Service, Inc. v. United Clearing Services, LLC*, No. 6:25-CV-06444-MAV-CDH, and to designate No. 25-CV-06443-MAV-CDH as the lead case. The parties are ordered to file all future papers in No. 25-CV-06443-MAV-CDH, unless such papers relate solely to No. 6:25-CV-06444-MAV-CDH. The parties are further ordered to submit a proposed scheduling order to the Court within 30 days of the issuance of this Decision and Order.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         June 16, 2026

- 16 -